Kent brought suit in the common pleas court to recover $5,000 damages, caused, as alleged in his petition, by reason of being wrongfully ejected from a passenger train of the Straitsville Division of the Baltimore & Ohio Railroad.
The testimony showed that Kent purchased of the general ticket agent of the defendant company a one-thousand mile commercial traveller’s ticket. The ticket he purchased provided that it was good only when properly stamped,.and the contract on the last page was signed by the purchaser, and one of the express provisions of the ticket was that conductors would not honor it unless the contract was signed by the owner of the ticket. When Kent presented the ticket to the conductor, the latter called his attention to the terms of the ticket, and informed him that the ticket would not be honored unless he signed the contract, and that he must either sign it or pay his fare. He refused to do either, and was ejected from the train.
In the court of common pleas a verdict and judgment for $765 was rendered, and this proceeding was instituted to reverse that judgment.
Kent contended that he was not bound to sign the contract, because it was not called to his attention when he purchased the ticket, and also because the contract exempted the company from liability for the negligence of its agents and servants, and was therefore invalid.
Held, by the court, that Kent had the right to ride upon defendant’s cars, first, by paying the usual fare and assuming the rights and liabilities of an ordinary passenger, while the defendant assumed those of a common carrier of passengers; and second, by making a special contract for a reduced rate of fare, such as provided for by this ticket. If the plaintiff below relied on a special contract, it was incumbent on him to *82 show compliance on his part with all the terms upon which the reduced rate was obtained, and the question as to whether the contract, which he refused to sign, was or was not valid,' does not arise in this case, and can only arise in an action on the part of Kent to recover damages for some act of negligence on the part of the servants of the company, against which this contract protects it.
W. C. Cooper, of Mt. Vernon, and J. H. Collins, of Columbus, for plaintiff in error.
J. D. Critchfield and General Devin, of Mt. Vernon, for defendant in error.
Judgment reversed'and cause remanded.
All judges concur.